UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARNELL BROWN On Behalf of Himself and All Others          Case No:
Similarly Situated,

                    Plaintiffs,

                                        **COLLECTIVE AND CLASS**
                                        **ACTION**
      -vs.-                               **COMPLAINT**
                                        **WITH JURY DEMAND**

NEW YORK SHAKESPEARE FESTIVAL,

                    Defendants.
------------------------------------------------------------------X

Plaintiff DARNELL BROWN (hereinafter "Mr. Brown") on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against NEW YORK SHAKESPEARE FESTIVAL (hereinafter "Public Theatre" or "Defendant"), allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.     This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et seq.; (iv) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under the NYLL § 195(3); (v) Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. Section 1981 ("Section 1981"); (vi) the New York State Human Rights Law, New York Exec. Law § 290 et seq. ("NYSHRL"); (vii) the New York City

Human Rights Law, Title 8 of the Administrative Code of the City of New York, as amended, including The Local Civil Rights Restoration Act, effective October 3, 2005 as well as Local Laws 1, 34, 35, 36, 37, 38, and 40 of 2016 ("NYCHRL"), and other appropriate rules, regulations, statutes and ordinances; and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.    Plaintiffs worked for Defendant, a New York City based Arts Organization, as Operation Assistants.  Throughout Plaintiffs tenure, Defendant automatically deducted a 30-minute meal break from the Plaintiffs' pay every day.  However, Plaintiffs were not actually afforded a meal break, amounting to Defendant stealing 30 minutes worth of wages from the Plaintiffs every workday.  Further, throughout the statutory period Defendants failed to pay the Plaintiffs on a weekly basis as required under the NYLL. Lastly, Defendants failed to furnish Plaintiff with accurate wage statements on each payday as the NYLL requires.

3.    Defendants paid and treated all of their Operations Assistants in a similar manner.

4.    Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

5.    Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

6. Moreover, Mr. Brown, an African American Make claim that Defendant has discriminated against him on the basis of his race. Specifically, Plaintiff brigs claims for discrimination and unlawful termination on the basis of race.

## JURISDICTION AND VENUE

7. Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* as well as Section 1981.

8. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff has not yet received a notice of right to sue from the U.S. Equal Employment Opportunity Commission ("EEOC").

11. Plaintiff reserves the right to amend this pleading to add claims under Title VII of the Civil Rights Act of 1964 once a notice of right to sue is received from the EEOC.

12. Plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(c).

## PARTIES

13.     At all relevant times herein relevant, Plaintiff Brown is a resident of the State of New York, resides in Kings County.

14.     At all times herein relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

15.     At all times herein relevant, Plaintiff was an "employee" entitled to protection as defined by the FLSA, the NYLL, the NYCCRR, Section 1981, Title VII, NYSHRL, and the NYCHRL.

16.     Upon information and belief, at all relevant times herein, Public Theatre was and is a domestic business corporation created under the laws of the state of New York.

17.     Upon information and belief, at all relevant times herein, Public Theatre has its principal place of business located at 425 Lafayette Street, New York, NY 10003.

18.     At all relevant times herein, Defendant was an "employer" of the Plaintiffs within the meaning of the FLSA, the NYLL, the NYCCRR, Section 1981, Title VII, NYSHRL, and the NYCHRL.

19.     Upon information and belief, Defendant had fifteen (15) or more persons in its employ at all times herein relevant.

20.     Upon information and belief, Defendant had four (4) or more persons in its employ at all times herein relevant.

21.     Upon information and belief, for the calendar year 2018 the Defendant's gross receipts were not less than $500,000.00.

22.     Upon information and belief, for the calendar year 2019 the Defendant's gross receipts were not less than $500,000.00.

23.     Upon information and belief, for the calendar year 2020 the Defendant's gross receipts were not less than $500,000.00.

24.     Upon information and belief, for the calendar year 2021 the Defendant's gross receipts will not be less than $500,000.00.

25.     Defendant was engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendant to the FLSA's overtime requirements as an enterprise.

26.     Furthermore, the Defendant's employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs seek to bring this suit to recover from Defendant their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendant as non-exempt hourly paid Operations Assistants, or similarly situated employees, regardless of job title in the State of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

5

28.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

29.     At all relevant times, Defendant was aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so.  Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

30.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

31.     Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that
     predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

32.     The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as an hourly paid Operations Assistants, or similarly situated employees regardless of job title, in the State of New York ("Rule 23 Plaintiffs").

## Numerosity

33.     During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

## Common Questions of Law and/or Fact

34.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs for hours they worked; whether Defendants paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with

respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

## **Typicality of Claims and/or Defenses**

35.     As described in the background facts section below, Defendant, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiffs overtime.  Plaintiffs and the Rule 23 Plaintiffs are also "manual workers" who Defendants failed to pay on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, and on a weekly basis, and to be furnished with accurate wage statements.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

36.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiff overtime pay for their hours worked over forty each week, did not pay Plaintiff for all the hours he worked and paid Plaintiff every two weeks, which is substantially-similar to how the Defendant paid the Rule 23 Plaintiffs.  Plaintiff is no longer employed with the Defendant, and thus have no fear of retribution for his testimony.  Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

**Superiority**

37.     Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

38.     Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

39.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

40.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

41.    Defendant owns and operates several theatre locations around New York City, including but not limited to, Free Shakespeare in the Park at The Delacorte Theatre in Central Park.

42.    From six years prior to the commencement of this action Defendant employed Operations Assistants throughout New York State.

43.    Upon information and belief, Operations Assistants are not required to have any formal education.

44.    Mr. Brown, worked for the Defendant from on or about September 2014 until his termination on or about August 2, 2021.

45.    Throughout his employment, Mr. Brown worked as an Operations Assistant.  In that role, Mr. Brown, like all Operations Assistants, maintained the Public Theatre locations, performed building maintenance, and helped set up the theatre for productions.

46.    Throughout his employment, Mr. Brown had the same job duties, including but not limited to, painting, light cleaning, small repair, striping and waxing floors and setting up and breaking down productions.

47.    As employees of the Defendant, Operations Assistants, including Mr. Brown, were primarily responsible for performing manual tasks, including using power and hand tools to break down and set up productions.

48.    Throughout the statutory time period, Plaintiff and other Operations Assistants regularly performed these manual tasks during the majority of their hours worked.  Therefore, Plaintiff and other Operations Assistants spent more than twenty-five percent of their hours worked

performing such manual tasks. Specifically, Plaintiff and other Operations Assistants spent more than half of their work time using power and hand tools to complete their duties.

49.     Throughout the statutory period to the present, Defendant paid Plaintiff and other Operations Assistants by check every two weeks.

50.     As a result of the previous paragraph, Defendant withheld wages due and owing to the Plaintiff and Class Members on a biweekly basis.

51.     Due to the Defendant withholding the wages due and owing to the Plaintiff and Class Members, Defendant deprived the Plaintiff and Class Members of use of those funds.  Upon information and belief, this includes, but is not limited to, using the funds to buy groceries, pay rent, and/or make mortgage payments.  Furthermore, as a result of the Defendant depriving Plaintiff and Class Members of these wages, Plaintiff and Class Members were deprived of interest income which would have accrued in their various bank accounts.

52.     Thus, throughout the statutory period Defendant failed to timely pay Plaintiff and other Operations Assistants their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

53.     Defendant both treated and paid Mr. Brown and the Class Members in a similar manner.

54.     From the beginning of the statutory period until the end of September 2019, Defendant required Mr. Brown to work – five days per week from Sunday through Thursday. Throughout this time period, Mr.  Brown was required to work – and he did in fact work - 2 days per week from 11:00PM until 7:00AM and 3 days per week from 11:00PM until 3:00PM.

55.     From on or about October 1, 2019 until his furlough on or about July 31, 2020, Defendant required Mr. Brown to work – five days per week from Sunday through Thursday.

Throughout this time period, Mr. Brown was required to work – and he did in fact work – 11:00PM until 7:00AM per work day.

56.     Throughout his employment with the Defendant, for every 8 hours worked by the Plaintiff, Defendant would only pay for 7.5 hours.

57.     In an effort to minimize their overtime costs and skirt wage and hour laws, throughout the statutory period, Defendant failed to pay Mr. Brown for all hours he worked. Specifically, despite knowing that they were to pay employees for every hour worked, they automatically deducted 30 minutes from every 8 hour shift worked by the Plaintiff.

58.     Throughout his employment with the Defendant, Mr. Brown was paid $19.00 per hour.

59.     Throughout the statutory period, Defendant failed to compensate Mr. Brown at one- and one-half times his applicable regular rate of pay for all hours worked over 40 per week.

60.     Throughout the statutory period, Defendant paid Mr. Brown every two weeks without providing him with accurate wage statements that reflected the amount of hours that he worked.

61.     Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

62.     Every hour that Plaintiff worked was for Defendant's benefit.

63.     Defendants treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described above.

64.     Mr. Brown was qualified to complete his duties as an Operations Assistant and worked for the Defendant dutifully in that role.

65.     On or about the end of September 2019, Defendant began subjecting Mr. Brown to discrimination.  This began when the Director of Facilities and Operations Management, Ishmael Figueroa, took away Plaintiff's overtime and instead gave the time to a non-African American employee. Specifically, Mr. Figueroa gave the overtime Mr. Brown was working to a Hispanic employee.

66.     Moreover, at the end of July 2020, Defendants placed their workforce on furlough due to the covid-19 pandemic.  While putting the employees on furlough, Defendant told Mr. Brown that fulltime employees would be given priority over other employees when they were returned.  However, this was not the case.  Instead, the Defendant illegally gave priority to its Hispanic workforce over its African American workforce.

67.     Upon information and belief, Defendant used the furlough and the COVID-19 pandemic to terminate its African American workforce, including Mr. Brown and replace them with Hispanic workers.

68.     Mr. Figueroa also explained to Mr. Brown that his position was eliminated. However, this was also untrue, as Mr. Figueroa replaced Mr. Brown with a Hispanic employee.

69.     Plaintiff was terminated due to his race.

70.     Upon information and belief, Plaintiff was paid less than similarly situated employees due to his race.

71.     Defendant treated members outside of Plaintiff's  race more favorably by not subjecting him to the discriminatory conduct outlined above

72.     Upon information and belief the Plaintiff was replaced by a Hispanic over hire employee.

73.     Defendants have treated Plaintiff unequally, and less well than other employees because of their race, in violation of Section 1981, NYSHRL, and the NYCHRL.

74.     Employees outside Plaintiff's protected class have and continue to be treated more favorably than Plaintiff.

75.     Upon information and belief, Defendant disciplined and terminated its African American employees far more often than its other employees.

76.     Plaintiff was unlawfully discriminated against, on the basis of race in violation of the NYCHRL.

77.     Plaintiff was treated less well than similarly situated employees in violation of the NYCHRL

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
#### *Unpaid Overtime under the FLSA*

78.     Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79.     Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

80.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and the FLSA Plaintiffs are employees within the meaning of the FLSA.

81.     As also described above, Plaintiffs and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

82.     The Defendants willfully violated the FLSA.

83.     As such, Plaintiffs and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

84.     Plaintiffs and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

85.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the NYLL*

86.     Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

87.     Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

88.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

89.     As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

90.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated

damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### ***THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS***
#### *Nonpayment of Straight Time Wages*

91.     Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

92.     Named Plaintiff and the Rule 23 Class routinely worked over 40 hours in a given work week.

93.     Defendant has willfully failed to pay all straight tie wages dur and owing to the Plaintiff and the Rule 23 Class.

94.     Due to Defendants' violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### ***FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS***
#### *Failure to Timely Pay Wages*

95.     Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

96.     From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

97.     NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

98.     From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

99.     Defendants violations of the NYLL have been willful and intentional.

100.    Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
#### *Failure to Furnish Wage Statements in Violation of the NYLL*

101.    Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

102.    NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

103.    As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

104.    Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

105.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## SIXTH CLAIM FOR RELEF AGAINST DEFENDANT
### Discrimination Under Section 1981

106.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

107.     Defendant discriminated against Plaintiff on the basis of their race in violation of Section 1981 by denying them the same terms and conditions available to employees outside of his race.

108.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section 1981, Plaintiffs have suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

109.     As a direct and proximate result of Defendants' actions, Plaintiffs suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

110.     Defendants have acted with malice or reckless indifference to Plaintiffs.

## SEVENTH CLAIM FOR RELEF AGAINST DEFENDANT
### Discrimination under the NYSHRL

111.     Plaintiffs hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

112.    The New York State Human Rights Law Provides that it shall be unlawful discriminatory practice:

> For an employer… because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, or marital status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

113.    Defendants discriminated against Plaintiff on the basis of their race in violation of NYSHRL.

114.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section NYSHRL, Plaintiffs have suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

115.    As a direct and proximate result of Defendants' actions, Plaintiffs suffered and continue to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

116.    Defendants have acted with malice or reckless indifference to the Plaintiff.

### _EIGHTH CLAIM FOR RELEF AGAINST DEFENDANT_
#### _Discrimination Under the NYCHRL_

117.    The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

118.    The New York City Human Rights Law provides it shall be unlawful discriminatory practice:

19

For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person (1) To represent that any employment or position is not available when in fact it is available; (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

119.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(l)(a) by discriminating against Plaintiffs based upon their race.

120.    As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings, benefits, employment opportunities, other financial loss and non-economic damages.

121.    By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of NYCHRL.

### *NINTH CLAIM FOR RELEF AGAINST DEFENDANTS*
*Employer Liability Under NYCHRL*

122.    The Plaintiffs repeat, reiterate, and reassert all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

123.    The New York City Administrative Code Title 8 §8-107(13) provides:

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

124.    Due to the above provision, the entity defendant is liable under the NYCHRL.


## DEMAND FOR A JURY TRIAL

125.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d.      Designation of this action as a FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

i.      Designation of Plaintiffs and their counsel as collective/class action representatives under the FLSA and the FRCP;

j.      Awarding future income to Plaintiffs in an amount to be proven at trial;

k.      Awarding damages to the Plaintiffs to make them whole for any economic losses suffered as a result of such unlawful employment practices;

l.      Awarding compensatory damages for mental and emotional distress, pain and suffering in an amount to be proven at trial;

m.      Awarding punitive damages;

n.      Pre-judgment and post-judgment interest, as provided by law;

o.      Awarding such other and further relief as available under the statues; and

p.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        August 13, 2021

                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO

                                    _____
                                    By: Amit Kumar, Esq. (AK 0822)
                                    *Attorneys for the Named Plaintiff as Well as the*
                                    *Putative Class and Collective*
                                    108 West 39th Street, Suite 602
                                    New York, New York 10018
                                    (212) 583-7400
                                    AKumar@CafaroEsq.com